## DAVIES v. THE STATE OF OHIO.

*Criminal law—Indictment—Embezzlement, abstraction or misapplication of funds charged, when—Surplus averments disregarded, when—Charge to jury—Weighing of testimony by jurors.*

1. An indictment, charging accused with having unlawfully, wilfully and fraudulently embezzled, abstracted and wilfully misappropriated and converted to his own use certain money and credits, properly charges the crime of embezzlement, but not the crime of abstraction or misapplication. An indictment charging abstraction or misapplication should contain averments to show how the misappropriation or abstraction was made, and that it was unlawful.

2. In such indictment, the offense of abstraction or misappropriation, being ineffectually charged, may be rejected as surplusage, and the accused found guilty on the charge of embezzlement.

3. Although a trial court in his charge to the jury obscurely and improperly states the rule of law by which jurors should weigh testimony, such inaccuracy of the court is not so erroneous as to justify reversal of a judgment based upon a verdict of guilty, where there is no doubt, from the evidence, as to the guilt of the defendant.

(Decided July 31, 1922.)

ERROR: Court of Appeals for Lorain county.

*Mr. W. H. Boyd* and *Mr. F. M. Stevens,* for plaintiff in error.

*Mr. L. H. Weber,* prosecuting attorney, and *Mr. Walter D. Meals,* for defendant in error.

CUSHING, J.    This proceeding in error was submitted to this court in April of this year, and its determination has been delayed owing to the fact that neither the prosecuting attorney, nor the special prosecutor appointed by the state, has filed a brief, though requested to do so.

Walter Davies was cashier of the City Bank, of Lorain, Ohio. On October 1, 1919, an indictment was returned against him, charging a violation of the banking laws of Ohio.

The charge was that on August 1, 1919, he unlawfully, wilfully and fraudulently did embezzle, abstract and wilfully misapply, and convert to his own use, $754,737.22 of the money and credit of the City Bank of Lorain, Ohio.

A second count of the indictment was withdrawn from the jury, and the trial proceeded on the first count, which charged embezzlement, abstraction and wilful misapplication of money.

The jury returned a verdict of guilty, and this proceeding is prosecuted to reverse the judgment entered on that verdict.

Of the numerous questions presented by the record, but two are of sufficient importance to merit a discussion. They are the weight of the evidence, and the sufficiency of the indictment.

In connection with the sufficiency of the indictment, it should be noted that the verdict was that defendant was guilty of embezzlement of the money, fixing the value at the amount stated. The verdict then read: "And we do further find the defendant, Walter Davies, guilty of the crime

of wilfully misapplying the property, funds and credit of the City Bank Company, of Lorain, Ohio, in the manner and form as he stands charged in the first count of the indictment."

The form of the verdict prepared for the jury and the language of the indictment are made the basis of the argument of counsel for plaintiff in error that the acts charged in the indictment are not sufficient to constitute an offense. The statute under which the indictment was drawn provides: "Whoever, being an officer, employee, agent, or director of a bank, embezzles, abstracts or wilfully misapplies any of the money," etc., is guilty, as defined in the act.

This statute defines three distinct crimes, embezzlement, abstraction, and wilful misapplication. The officer charged under this statute may commit in the one transaction one or more of the crimes defined. The question then is whether or not two of these offenses may be charged in a single count of an indictment, and the defendant be convicted of both offenses under such indictment.

In *Hale* v. *State*, 58 Ohio St., 676, it was held that when the acts of such officer of a bank may be committed in one or more of several ways the indictment may in a single count charge their commission in any or all of the ways specified, if they are not repugnant. It follows that if they are repugnant, they may be charged in separate counts of an indictment. This brings us squarely to the objections made to the indictment by counsel for plaintiff in error.

Embezzle, or embezzlement, has a fixed meaning at common law, and has such meaning under our law. Neither the crime of abstraction nor wilful

misapplication has such a meaning. These terms do not clearly set forth every element of the offense charged. It is not sufficient to say that a defendant wilfully misapplies the funds of a bank. The indictment should contain averments to show how the misapplication was made, and that it was unlawful. The same rule applies to the offense of abstraction. *United States* v. *Britton,* 107 U. S., 655, 669, and *United States* v. *Heinze,* 183 Fed. Rep., 907.

In the case at bar there was an attempt to charge three crimes in one count of an indictment. The crime of embezzlement was properly charged. The crimes of abstraction and misapplication were not so charged. It follows that the form of the verdict prepared for the jury was bad. It found the defendant guilty of two crimes, and the question is whether the verdict can be allowed to stand when a defendant is properly convicted on one charge, and improperly found guilty on another charge. This depends on whether or not the indictment was good.

The offenses of abstraction and wilful misapplication were ineffectually charged, and may be rejected as surplusage. If in a single count of an indictment, more than one offense is effectively charged, the indictment will be bad for duplicity. *Barnhouse* v. *State,* 31 Ohio St., 39.

It follows that the judgment should be affirmed in so far as the charge of embezzlement is concerned.

Another ground of error urged was that the court erred in refusing to give special charges requested before argument. A court is not required in a criminal case to give special charges

before argument. *Wertenberger* v. *State,* 99 Ohio St., 353.

Counsel did not request the court to charge on any questions of law in its general charge that were covered by the special charges, nor were any omissions to charge on questions of law called to the court's attention.

Two questions are presented on objection to the general charge of the court. One is:

"It must be the object of all of you to arrive at a common conclusion, and to that end you should deliberate together with calmness, and be considerate of each others' views."

This charge is not in the usual language of instructions to the jury, but is supported by *Davis* v. *State,* 63 Ohio St., 173.

The second question for consideration is the language used by the court in stating the rule for weighing the evidence:

"You are not obliged to believe the statements of any witness merely because he made them; and you may, if your judgment dictates, believe part and disbelieve part of any witnesses' testimony. These and many other matters might be called to your attention whereby you are to test the evidence. Weighing the testimony of these and other tests you may have. You will determine the effect to be given to it, and you will give the testimony of each witness such credit as each is justly entitled to receive."

This part of the charge is not well stated. The language "weighing the testimony of these and other tests you may have" is unfortunate, obscure, and improperly states the rule of law by which jurors should weigh testimony. The claim that

this charge is so erroneous as to justify a reversal of the case has caused us considerable concern. The law is that a jury is the sole and exclusive judge of the weight of the evidence and the credibility of the witnesses.

The outstanding facts in the case are that Davies and Treble, in 1917, and other years, had conducted stock transactions together, and Davies claimed that he had withdrawn from all such transactions. He was a superior officer to Treble, and it is undisputed that prior to its paying the drafts the Mellon Bank called Davies, and, after an investigation, he reported that the drafts were all right. Treble had drawn the drafts. Davies knew of their existence before they were paid by the Mellon National Bank, and he sanctioned their payment. The jury were justified in believing that he was a party to the transaction. If there was any doubt as to the guilt of the defendant, the verdict would be set aside on account of the inaccuracy of the court in stating the rule of law in question.

The verdict of the jury is not against the weight of the evidence, and the judgment will, therefore, be affirmed.

*Judgment affirmed*

HAMILTON, P. J., and BUCHWALTER, J., concur.

(Judges of the First Appellate District, sitting in place of Judges VICKERY, INGERSOLL and SULLIVAN, of the Eighth Appellate District.)